REVISED November 7, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2008

Charles R. Fulbruge III
Clerk

No. 07-40105
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO JAIMES-AGUIRRE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-227-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

The Supreme Court vacated our judgment in United States v. Jaimes-Aguirre, 258 F. App'x 662 (5th Cir. 2008), and remanded this matter for further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consideration in the light of Gall v. United States, 128 S. Ct. 586 (2007). Jaimes-Aguirre v. United States, 128 S. Ct. 2934 (2008).

In our first decision, we rejected Pedro Jaimes-Aguirre's assertion that his sentence was unreasonable because, according to Jaimes, our post-Booker decisions had effectively reinstated the mandatory guidelines regime that Booker condemned. We noted, as Jaimes had conceded, that this assertion was foreclosed by Rita v. United States, 127 S. Ct. 2456, 2462 (2007). Jaimes-Aguirre, 258 F. App'x at 663.

In Gall, the Court established a two-part framework for appellate review of federal sentencing. Gall, 128 S. Ct. at 597. First, the appellate court must ensure the district court did not commit procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors . . . or failing to adequately explain the chosen sentence". Id. Second, the appellate court must assess the substantive reasonableness of the sentence imposed. The standard of review in both instances is for abuse-of-discretion. Id.

Following remand, we required supplemental briefs. Jaimes claims the district court committed procedural error for three reasons: (1) it treated the Guidelines as mandatory; (2) it failed to consider the § 3553(a) factors; and (3) it failed to adequately explain the chosen sentence. Because Jaimes did not raise the procedural-reasonableness issue in district court, our review is only for plain error. E.g., United States v. Salazar-Garcia, 2008 WL 4345108 at *1 (5th Cir. 2008). Under the plain-error standard, an appellate court may not correct an error unless, inter alia, (1) there is error, (2) that is plain, and (3) that affects substantial rights. E.g., United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005).

The district court did not commit plain error in imposing the sentence, as Jaimes' substantial rights were not affected. The standard for determining

whether an error affects substantial rights requires a showing that the error "must have affected the outcome of the district court proceedings". United States v. Olano, 507 U.S. 725, 734 (1993). The defendant, not the Government, bears the burden of persuasion with respect to prejudice, id., and the defendant's burden of establishing prejudice and entitlement to relief for plain error "should not be too easy". United States v. Dominguez Benitez, 542 U.S. 74, 82 (2004).

Jaimes does not meet his heavy burden of persuasion. The district court properly calculated the advisory guidelines sentencing range, considered it applicable, and imposed a sentence at the bottom of that range. Jaimes has failed to show that any error would have affected the outcome of the district court proceedings.

Jaimes next contends the sentence was substantively unreasonable as it was excessive under the circumstances of this case. Jaimes asserts: because he specifically requested a below-guidelines sentence in district court, he preserved his substantive reasonableness claim. This contention is incorrect. In United States v. Peltier, 505 F.3d 389, 391 (5th Cir. 2007), our court concluded: "[A] defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review". As Jaimes merely requested a below-guidelines sentence, but did not object to the reasonableness of the sentence imposed, plain error review applies.

In any event, as noted in our first opinion, the Supreme Court in Rita determined that a court of appeals may apply a presumption of reasonableness to sentences that fall within the Guidelines range. Rita, 127 S. Ct. at 2462. Gall did not change this determination, holding, "[i]f the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness". Gall, 128 S. Ct. at 597. Jaimes is unable to rebut the presumption of reasonableness we apply in this instance. The district court heard and considered Jaimes' contentions as to why he thought his

3

sentence should be mitigated, concluded the guidelines sentencing range was applicable, and chose to sentence Jaimes at the bottom of the range.  There was no error.

In sum, on remand, Jaimes has not demonstrated that his sentence was either procedurally or substantively unreasonable in the light of Gall.

AFFIRMED.